John Casey, Appellant, *v.* John G. Steinmeyer, Respondent.

November 4, 1879.

Open and notorious possession under an unrecorded lease, without some evidence tending to show actual knowledge of the existence of the lease, will not authorize an inference that the plaintiff had notice of the defendant's possession under the lease.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Philip Donahue, for appellant, cited: *Barton* v. *Butler*, 21 Mo. 313; *Vaughn* v. *Tracy*, 25 Mo. 318; *Maupin* v. *Emmons*, 47 Mo. 304.

Hitchcock, Lubke & Player, for respondent, cited: *Livermore* v. *Blood*, 40 Mo. 48; *Lyman* v. *Russell*, 45 Ill. 281; *Vaughn* v. *Tracy*, 22 Mo. 415; *Shumate* v. *Reavis*, 49 Mo. 336; *Fellows* v. *Wise*, 55 Mo. 413.

Bakewell, J., delivered the opinion of the court.

This action is ejectment for part of lots 1 and 2 in city block 948, St. Louis. The property is the rear half of a piece of land of 50 by 150 feet on the corner of Eighteenth and Carr Streets, fronting on Carr and running north to an alley.

It appears that one Dunn, in 1868, leased the lot in dispute to defendant for a term of three years and a half, with the privilege of renewal for two periods of five years each,

the last of which expires on July 1, 1881. The lease was not recorded. Afterwards, in May, 1874, Dunn conveyed the two lots, including the property possession of which is sought in this action, to one O'Reilly as trustee, to secure a note for $6,500. The loan was effected through O'Reilly, who is an examiner of titles and agent for procuring and making loans. The money belonged to plaintiff, Casey, who resides in Washington, and had placed the money with an agent named Clancy to invest. O'Reilly examined the title, but had nothing to do with examining the value of the property. He did not look at the property; he says he had a general knowledge of it. Casey was not in the city at the date of the loan, and never saw the property until after the loan was effected. The note not being paid, the deed of trust was foreclosed, and Casey, the *cestui que trust*, became the purchaser at the trustee's sale. After the sale, defendant' offered to pay to plaintiff the rent and taxes accruing under the lease, but plaintiff refused to receive them. On receiving his lease, defendant had gone into possession, marked off his portion of the lots by running a fence through, so as to leave a passage-way three feet wide between Dunn's premises, on Carr Street, and defendant's possession fronting on the alley. Defendant subsequently erected three small brick dwellings on the Eighteenth-Street side of his lot, and also put up, on the alley in the rear, a small building used as a stable, and a small carpenter's shed, on which he placed his sign, " John J. Steinmeyer, carpenter and builder." Defendant, by himself and his tenants, had open, notorious, and uninterrupted possession of the premises from the date of his lease to the date of this suit. On the Carr Street front was a double two-story brick dwelling, occupied by Dunn as his family residence.

It is not necessary to set out all the instructions. Those bearing on the question of notice are as follows : —

" 1. The jury are instructed that possession of the premises in question by the defendant, under the unrecorded

lease offered in evidence by him, would not be actual notice to the plaintiff of the defendant's title under said lease ; and the jury are instructed that they must find for plaintiff unless they believe from the evidence that plaintiff or his agent had information or knowledge that the defendant was in possession of said premises, claiming title, at the time of the execution of said deed of trust offered in evidence by plaintiff, and that this information or knowledge was of such a character as to put a man of ordinary care and prudence upon inquiry as to what claim the defendant had to the property.

" 2. Unless the plaintiff or his agent had the information or knowledge brought home to him that defendant was in possession of the premises in dispute, claiming title, the plaintiff should recover."

These were given at the instance of plaintiff. For the defendant, the court instructed as follows : —

" 3. As a matter of law, it was not necessary that the lease here offered in evidence by defendant should have been acknowledged and recorded, if you believe and find under the instructions that plaintiff or his agent had notice of the existence of said lease when the deed of trust under which plaintiff claims was recorded by plaintiff, or his agent for him.

" 4. If you believe from the evidence that defendant, prior to the execution and delivery of the deed of trust under which plaintiff claims, received from Dunn the lease offered in evidence, and that defendant immediately took possession of the ground described in said lease, and built houses, and a shop in the rear, and separated said ground from the remaining part of the two lots described in said deed of trust, and that said lease was thereafter renewed by the payment of rents after the dates of renewal specified in said lease, and that Steinmeyer thereafter, and at the date and after the making of said deed of trust, continued in the open and notorious possession of said premises under said

lease, then the circumstances aforesaid, and such possession, are evidence from which you may infer that plaintiff, or his agents, had notice of the existence of said lease.''

This last instruction is, we think, defective. One link is wanting to the concatenation of evidence from which a jury would be warranted to infer notice; and that link is, evidence, not only that the possession was open and notorious, but that plaintiff had knowledge of it.

As plaintiff had not constructive notice (that is, implied notice under the registration acts) of the existence of the lease, it has no validity as to him unless he had actual notice. He had no actual notice, unless through his agent, Clancy. As to Clancy, O'Reilly says in his testimony: '' I sent him word, and he came, and I gave him the property; and he went out and looked at the property, and I presume he came back and accepted the loan.'' O'Reilly himself did not go to look at the property, so that he cannot say of his own knowledge that Clancy went out to the property. He is not reëxamined as to this portion of his testimony. But the statement is evidently not the statement of a fact within his knowledge. Clancy himself was not a witness in the case.

From the mere fact of defendant's open and notorious possession the jury are not authorized to infer notice to plaintiff of that fact. To warrant such an inference, some evidence must exist tending to show that Casey, or his agent Clancy, had actual knowledge of defendant's possession, or there is no proof of notice. Even if Clancy went out to look at the property, he may not have gone to the rear of the lot at all. He may have been satisfied, from the location of the property and the external appearance of the double brick residence on Carr Street, that it was good security for the proposed loan. One lending money on real estate is not bound to visit the premises at all. It is unnecessary, on this question of notice, to repeat what has so recently been said by this court, after a careful examina-

tion of Missouri cases on the subject, in *Masterson* v. *Railroad Company*, 5 Mo. App. 65.

The second instruction for defendant is calculated to mislead the jury. It is inconsistent with the instructions given for plaintiff. The case is not that of a defective instruction supplemented by others, so that, taken together, the body of instructions fairly presents the law of the case. The instructions present radically different theories; and if, as seems probable, the jury followed the erroneous declaration of law, they must have been wholly indifferent as to any insufficiency of proof from which actual knowledge on the part of plaintiff of the possession of defendant at the date of the execution of the deed of trust might fairly be inferred.

The judgment is reversed and the cause remanded. All the judges concur.